```
 1  PAUL S. ROSENLUND (SBN 87660)
    DUANE MORRIS LLP
 2  One Market, Spear Tower, Suite 2000
    San Francisco, CA 94105-1104
 3  Telephone: (415) 957-3178
    Facsimile: (415) 520-5479
 4  E-Mail: psrosenlund@duanemorris.com

 5  MICHAEL W. WONG (SBN 243323)
    DUANE MORRIS LLP
 6  633 West Fifth Street, Suite 4600
    Los Angeles, CA 90071-2065
 7  Telephone: (213) 689-7406
    Facsimile: (213) 403-5453
 8  E-Mail: mwwong@duanemorris.com

 9  Attorneys for Defendant
    PETZL AMERICA, INC.
10
    ANDREW L. ELLIS (SBN 167091)
11  LAW OFFICE OF ANDREW L. ELLIS
    883 North Douglas Street
12  El Segundo, CA 90245
    Telephone: (310) 641-3335
13  Facsimile: (310) 641-6664
    Email: aellis@alelaw.com
14
    Attorneys for Plaintiff
15  GERALD STEPHENS
```

FILED
CLERK, U.S. DISTRICT COURT

NOV - 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GERALD STEPHENS, | Case No. CV09-1283 GW (FFMx) |
|---|---|
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |
| v. | |
| PETZL AMERICA, INC, a Utah corporation, and DOES 1 to 30, | **NOTE CHANGES MADE BY THE COURT** |
| Defendants. | |

The parties to this Confidentiality Agreement and Stipulated Protective Order ("Protective Order"), by and through their respective counsel, stipulate and request that the Court order as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Protective Order creates no entitlement to file Confidential Material under seal; Civil Local Rule ("L.R.") 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 Confidential Material: information and material (regardless of how generated, stored or maintained) or tangible things that include, record, contain or disclose trade secrets as defined by applicable laws, including but not limited to the Economic Espionage Act, 18 U.S.C. § 1839(3), and the Uniform Trade Secrets Act, California Civil Code §§ 3426, et seq., or otherwise qualify for protection under F.R.Civ.P. 26(c) or other applicable laws and procedures, including but not limited

to privacy rights protected by the constitutions of California and the United States.

2.4 [not used]

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party or otherwise.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," and all Derivative Material as defined herein.

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their partners, associates, of counsel, staff and employees. As used herein, Outside Counsel shall be limited to those firms and attorneys who are counsel of record in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 <u>Attorney-client privilege</u>: the protection that applicable law provides for confidential attorney-client communications.

2.15 <u>Work-product protection</u>: the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or trial.

2.16 <u>Derivative Material</u>: any information copied or extracted from Protected Material, including but not limited to copies, excerpts, summaries, or compilations thereof, plus testimony, reports, conversations, or presentations by any person to the court, in court proceedings, or in other settings that might reveal Protected Material

3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above) as well as all Derivative Material (as defined above), and are intended to be all-encompassing and broadly interpreted in order to protect Confidential Material and prevent inadvertent waiver of privileges and work-product protection to the greatest extent permitted by law and equity.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Order shall be binding upon any and all successors and assigns of any Receiving Parties or who otherwise receive Protected Material.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or

written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Designation in conformity with this Order shall be performed as follows:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" prominently on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>For testimony given in deposition</u>, the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to identify the specific portions of the testimony as to which protection is sought. This identification must be concluded within the time frame set forth on the record in that deposition or as otherwise agreed to in writing. Only those portions of the testimony that are appropriately designated for protection within that time frame shall be covered by the provisions of this Protective Order. The lines of transcript containing Protected Material must be identified by italic type by the court reporter, who must also affix to the top of each such page containing italic text the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by passage of time.

    6.2  Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication alone are not sufficient) with counsel for the Designating Party. Challenging and Designating Parties shall meet and confer in good faith in an effort to resolve their disagreements without need for court intervention, and no motion may be made to the court on the issue until the parties have completed a reasonable meet and confer process or it reasonably appears that further pursuit of the meet and confer process will not achieve a resolution.

    6.3  Judicial Intervention. A Party that thereafter elects to challenge a confidentiality designation may file and serve a motion compliant with the rules and procedures of the Court, including but not limited to L.R. 7, 37, 52, 79-5, and any other applicable rules, that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The parties must file a joint stipulation concerning the matters in dispute as set forth in L.R. 37-2.1 and L.R. 37-2.2. The burdens of persuasion in any motion shall be on the party or parties seeking or resisting discovery of Protected Material or Confidential Material as provided in *Bridgestone / Firestone, Inc. v. Superior Court*, 7 Cal.App.4th 1384, 1393; 9 Cal.Rptr.2d 709, 713-714 (1992), and it shall not be presumed that a protective order alone provides adequate protection for all Confidential or Protected Material. Any party claiming that information designated by Designating Party as Confidential has been in the possession of Receiving Party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or public knowledge. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related proceedings involving the same plaintiffs and defendants. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, and only to the extent reasonably necessary for such persons' assigned tasks related to prosecuting, defending, or attempting to settle this litigation or related proceedings involving the same plaintiffs and defendants. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

    7.2    <u>Storage of Protected Material</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures

access is limited to the persons authorized under this Order.

7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only as follows:

(a) to the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom and to the extent disclosure is reasonably necessary for this litigation and who have signed and returned to Counsel for the Receiving Party, the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom and to the extent disclosure is reasonably necessary for this litigation and who have signed and returned to Counsel for the Receiving Party, the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) to the Receiving Party's Experts (as defined in this Order) to whom and to the extent disclosure is reasonably necessary for this litigation and who have signed and returned to Counsel for the Designating Party the "Agreement to Be Bound by Protective Order" (Exhibit A), which must be provided to Counsel for the Designating Party at least ten (10) days before any Protected Material is provided to the Expert in order to allow the Designating Party to assert objections;

(d) to the Court and its personnel to whom and to the extent disclosure is reasonably necessary for this litigation;

(e) to court reporters, their staffs, and Professional Vendors to whom and to the extent disclosure is reasonably necessary for this litigation and who have signed and returned to Counsel for the Receiving Party, the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, to witnesses in the action to whom and to the extent disclosure is reasonably necessary. Witnesses shall be provided with a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A) and are

deemed bound by it, whether or not they have signed and/or returned it. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be prepared as set forth in section 5.2(b) and may not be disclosed to anyone except as permitted under this Protective Order; and

   (g) to the author of the document or the original source of the information.

 7.4 <u>Use of Protected Material in Court Proceedings</u>. Prior to the trial, mediation or arbitration of the above matter, or any other proceeding as to which any person wishes to file, serve or use Protected Material, counsel for the parties shall seek to reach agreement on the handling of Protected Material at such proceeding so as to provide protection against public disclosure without infringing on the rights of the parties to present evidence they deem necessary at such proceeding, and shall submit such agreement, or proposals if no agreement can be reached, to this Court for its direction or decision under Section 10.

 7.5 <u>Competitors</u>. Notwithstanding any disclosure otherwise permitted by this Order, under no circumstances shall any Confidential or Protected Material be disclosed to or used to assist any competitor, prospective competitor, or other person (including any Expert) who is in a position to use the information to compete against any Designating Party or any affiliated person or entity, nor shall any person use any Confidential or Protected Material to compete or to assist others in competing against any Designating Party or any affiliated person or entity. In the context of this case, no Confidential or Protected Material shall be provided under any circumstances to any person or entity (including any attorney, Expert or Professional Vendor) in the business of designing, producing, marketing, distributing, selling or servicing snowshoes or providing management or consulting services to such persons without the written consent of the Designating Party.

 7.6 <u>Patents</u>. Notwithstanding any disclosure otherwise permitted by this Protective Order, under no circumstances shall any Confidential or Protected

Material be disclosed to or used to assist any person or entity (including any attorney, Expert or Professional Vendor) who has or will have any material involvement in the drafting or prosecution of patent applications or claims bearing any relationship to any Confidential Material, nor may any Protected Material be utilized or referenced in the preparation or prosecution of any patent application or patent claim by any person other than the Designating Party or those designated in writing by an authorized officer of the Designating Party.

7.7 <u>Pre-Disclosure Inquiry</u>. Before any Confidential or Protected Material is disclosed to any Expert, Professional Vendor or other recipient, the person or party intending to make such disclosure shall make diligent inquiry and determine in good faith that each person to whom disclosure is to be made (including the recipients' agents, contractors and employees) is not an actual or prospective competitor of a Designating Party or any affiliated person or entity, that said person does not work or intend to work with or for the benefit of any actual or prospective competitor of a Designating Party or any affiliated person or entity, that each recipient will take reasonable steps to assure that no Confidential or Protected Material will be disclosed to any competitor or used by any person to compete against any Designating Party or any affiliated person or entity or used in any patent application or prosecution, that said person does not have a prior history of violating protective orders or confidentiality agreements, and that each recipient will abide by the letter and spirit of this Protective Order.

8. <u>THIRD-PARTY REQUESTS FOR PROTECTED MATERIAL</u>

8.1 If a Receiving Party receives a request, subpoena or order relative to another claim or proceeding that calls for disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the request, subpoena or order. Such notification must include a copy of the request, subpoena or court order.

8.2    The Receiving Party also must immediately inform in writing the Party who caused the request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver a copy of this Protective Order promptly to the Party in the other action that caused the request, subpoena or order to issue. If the Designating Party or other interested party files a motion challenging the production of any Protected or Confidential Material in response to such request, subpoena or order, the recipient shall not produce the material absent a court order. The motion challenging the production of confidential material in response to a subpoena or order must be filed timely in compliance with the Federal Rules of Civil Procedure.

8.3    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford interested parties a reasonable opportunity to protect their confidentiality interests in the court or other body from which the request, subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

9.    UNAUTHORIZED OR INADVERTENT DISCLOSURE OF PROTECTED MATERIAL

9.1    No Waiver.    Neither production nor review of Protected Material as provided in this Protective Order shall waive or otherwise affect their Confidential status.

9.2    Inadvertent Disclosure or Failure to Designate.    Inadvertent or in camera disclosure of any material subject to any privilege or work-product protection shall not waive or otherwise affect any privilege or work-product protection, or any other protection conferred by this Protective Order, so long as the holder of privilege or other right took reasonable steps to prevent disclosure and took reasonable steps to rectify inadvertent disclosure after learning of it. A

Receiving Party who receives material that appears to have been disclosed inadvertently shall inform the Producing Party and/or Designating Party of their inadvertent production and return the material promptly upon learning of it, and shall not copy, disseminate or make any use whatsoever of such material until and unless all issues of inadvertent production and waiver have been resolved and a final court order is entered that confers any right to make use of the material. To the extent any privilege or other protection is deemed to have been waived by virtue of disclosure, the waiver extends to an undisclosed communication or information only if the waiver was intentional, the disclosed and undisclosed communications or information concern the same subject matter, and they ought in fairness to be considered together.

    9.3    Retroactive Designation. Any document or item unintentionally produced without designation as Confidential or otherwise protected under this Protected Order may be retroactively designated as such upon the Designating Party's provision of notice in writing to the receiving party. Upon receipt of such notice, each document or item in question shall be marked and deemed Confidential and treated as if it always had been Protected Material, subject to any objection that the Receiving Party may make pursuant to the terms of this Protective Order.

    9.4    Inadvertent Disclosure to Others. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute and return to Designating counsel, the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    9.5    Remedies. The Parties and Counsel acknowledge that any breach or

violation of this Protective Order will result in irreparable harm to Designating Party for which damages would be an inadequate remedy and therefore, in the event of such breach or violation, in addition to its rights and remedies otherwise available at law, Designating Party shall be entitled to apply for equitable relief, including but not limited to injunctive relief. Any remedies or penalties for violating any provision of this Protective Order shall be cumulative in nature, and nothing in this Order shall be deemed to restrict or prevent any person or government agency from pursuing other relief, remedies or penalties under the Economic Espionage Act, 18 U.S.C. §§ 1831, et seq., the Uniform Trade Secrets Act, any other contract or agreement, or any other provision of law or equity. An application for injunctive relief may be made to the district judge assigned to the case.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action or in any other proceeding or forum. A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5 and any other applicable rules or prevailing law.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. With permission in writing from the Designating Party, the Receiving Party may permanently and irretrievably destroy or delete some or all of the Protected Material instead of returning it, in which case the Designating Party may demand reasonable proof and an affidavit under oath from the Receiving Party that the Protective Material has been permanently and irretrievably destroyed or deleted, and that the Receiving Party has otherwise complied with this Order. Whether the Protected Material is returned, destroyed or deleted, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or deleted and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing, capturing or using any Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, official transcripts and exhibits, legal memoranda, correspondence and attorney work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. By this Order, the parties are not agreeing that these provisions are necessarily adequate to protect the confidentiality of all Confidential Material, and nothing in this Order shall limit the right of any party from seeking additional protection for any Confidential Material, from seeking modification of this Order by the Court, or seeking such other relief as the Court deems appropriate.

12.2 <u>Right to Assert Other Objections</u>. Neither this Order nor any action taken pursuant to it may be deemed to narrow or broaden the scope of permissible discovery or of any privilege, nor shall it prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any evidence, or its use at trial or in any other proceeding.

12.3 <u>Notices</u>. All notices and designations under this Protective Order shall be given by email, U.S. Mail, fax or by hand as designated in this section. Any other person entitled to notice of certain events or actions, including but not limited to any Expert or other person who has signed Exhibit A hereto, and any Designating Party which is not a party to this action, shall forthwith designate counsel or some other representative to receive notices under this Protective Order and provide a

physical mailing address, fax number and email address for such notices. Any failure to make such a designation or to maintain the currency of such information shall constitute a waiver of rights to notice under this Protective Order until the failure is cured, and notices, if any, may be sent to the last known address. Time is of the essence, and the deadlines for responding to notices or taking action in response to any notice or designation shall not be extended pursuant to by any other provision of law. The following persons are hereby designated for purposes of receiving notice under this Protective Order:

| | |
|---|---|
| Notices to Defendant: | Paul S. Rosenlund, Esq.<br>Duane Morris LLP<br>One Market, Spear Tower, Suite 2000<br>San Francisco, California 94105-1104<br>Telephone: (415) 957-3178<br>Facsimile: (415) 520-5479<br>Email: psrosenlund@duanemorris.com |
| With copy to: | Petzl America, Inc.<br>c/o Roedy Rasmussen<br>P.O. Box 160447<br>Freeport Center M-7<br>Clearfield UT 84016<br>Telephone: (801) 926-1590<br>Facsimile: (801) 926-1596<br>Email: rrasmussen@petzl.com |
| Notices to Plaintiff: | Andrew L. Ellis, Esq.<br>Law Office of Andrew L. Ellis<br>883 North Douglas Street<br>El Segundo, CA 90245<br>Telephone: (310) 641-3335<br>Facsimile: (310) 641-6664<br>Email: aellis@alelaw.com |

///
///
///
///
///
///
///

1  ///
2  ///
3  ///
4      12.4  Signatures.  This document may be executed separately by each
5  signatory, which together will constitute a single document.  A facsimile, electronic
6  or photocopied signature on this document will have the same force and effect as an
7  original signature.
8
9  DATED: September 29, 2009         LAW OFFICES OF ANDREW L. ELLIS
10
11
12                                    By: _____
                                            ANDREW L. ELLIS
13                                    Attorneys for Plaintiff
                                      GERALD STEPHENS
14
15 DATED: September 29, 2009         DUANE MORRIS LLP
16
17
18                                    By: _____
                                            PAUL S. ROSENLUND
19                                          MICHAEL W. WONG
                                      Attorneys for Defendant
20                                    PETZL AMERICA, INC.
21
22                                    **ORDER**
23     **IT IS SO ORDERED.**
24
25 DATED: 11/3/09                     _____
26                                                United States Judge
27
28

17
CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER – CASE NO. CV09-1283 GW (FFMX)
DM1\1801225.2



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD STEPHENS, | Case No. CV09-1283 GW (JTLx) |
| Plaintiff, | **EXHIBIT "A" TO PROTECTIVE ORDER** |
| v. | |
| PETZL AMERICA, INC. | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| Defendant. | |

I _____ (print name) certify under penalty of perjury under the laws of the State of California that I have been provided with a copy of the Protective Order entered by the court in this action on _____, 2009, and affirm the following:

(1) I have read the Protective Order in its entirety, understand its terms, agree to be bound by them, and further agree that its terms are binding upon any agents, contractors and employees;

(2) I understand that the Protective Order strictly limits use of Protected Material for designated purposes in this action or related proceedings involving the same plaintiffs and defendants, that no Protected Material may be disclosed to or used by any other person or for any purpose, and that use by or for the benefit of any competitor of a Designating Party or any affiliate of any Designating Party is strictly prohibited;

(3) I am not presently employed by, consulting with or providing any other type of assistance to either Petzl America, Inc. ("Petzl") or any of its competitors, including without limitation any company involved in designing or producing carabiners and other personal protection equipment ("Competitor") or providing management or consulting services to such persons, and I shall not do so as long as I am engaged to assist or consult with any party to this litigation or their counsel without the written consent of the parties to this action;

(4) If I become employed by, or begin consulting with or providing any other type of assistance to any Competitor at any time between now and two years after the

conclusion of this litigation, including any appeals, I will immediately do the following: (a) identify myself to Petzl and to its counsel, in writing; (b) reveal to them the nature of my new work or employment and the entity involved; (c) reveal to them what Confidential Material I have in my possession or control and what Confidential Material I have reviewed in the past; and (d) return to Petzl or its counsel all Confidential Material (including notes and other Derivative Materials). I further agree that I will not divulge any of the information in any Protected Material to any Competitor, and I will not use any such information in any work I might accomplish for any such Competitor. Nothing herein shall be construed as preventing any declarant from employment by any Competitor.

(5) I understand that all Protected Material, including but not limited to all copies and Derivative Materials, must be maintained securely and returned to the Designating Party, or permanently and irretrievably destroyed if agreed to by the Designating Party, at the conclusion of this action or upon my ceasing to be involved in this action prior to its termination, whichever occurs first, and that a Designating Party or the court may require me to sign an affidavit affirming my return and/or permanent and irretrievable destruction of Protected Material;

(6) I understand that unauthorized use or disclosure of Protected Material is a violation of law, constitutes contempt of court, and may give rise to substantial penalties and civil liabilities; and

(7) I irrevocably consent to the personal jurisdiction of this Court with respect to any dispute or alleged violation involving this Protective Order, even if such proceedings occur after termination of this action; notice of any proceedings may be given by mail to my last known address as provided in this Protective Order or as I may update by giving notice to all counsel as permitted by this Order.

DATED: _____   Signature: _____

Address: _____

Fax & Phone: _____